HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HAROLD and SALLY DEGENHART,

Plaintiffs,

v.

AIU HOLDINGS, INC., (f/k/a AIG),
presently known as CHARTIS, INC.; and
AIU INSURANCE COMPANY,

Defendants.

Case No. C10-5172RBL

ORDER REGARDING DEFENDANTS'
MOTION TO DISMISS AND/OR
STRIKE PLEADING PURSUANT TO
FED. R. CIV. P. 12

THIS MATTER comes before the Court on dual motions to dismiss various claims in the

Complaint pursuant to Fed. R. Civ. P. 12.  The first motion seeks a dismissal of the Class Action

Complaint [Dkt. #28] citing lack of standing and failure to state a claim under Fed. R. Civ. P. 12(b)(1)

and 12(b)(6).  The second motion asks the Court to strike Class Allegations pursuant to Fed. R. Civ. P.

12(f) [Dkt. #29].  The Court has reviewed the materials for and against the motion and has heard oral

argument of counsel.  For the reasons that follow, the motions are **GRANTED IN PART AND DENIED**

**IN PART.**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FACTS**

On October 30, 2007, plaintiffs' vehicle was damaged in a collision with an uninsured motorist. The estimate to repair the vehicle was $14,924.94.  Plaintiffs' insurance policy issued by AIU Insurance included coverage for property damage caused by an underinsured motorist (UIM).  A claim was made to AIU and AIU paid the cost of the repairs under the UIM provisions of the policy.  Shortly thereafter plaintiffs filed this lawsuit, claiming that their vehicle suffered "diminished value" as a result of the accident and that the AIU policy entitles plaintiffs to be compensated for such damage.  They seek to represent a nationwide class of all AIU Insurance insureds who allegedly were not paid for "diminished value" following physical damage to their vehicles caused by underinsured motorists.  Plaintiffs assert claims for (1) breach of their insurance contract, (2) declaratory relief, and (3) injunctive relief.

**ANALYSIS**

**I.**      **Plaintiffs Lack Standing to Sue Defendant Chartis.**

To establish Article III standing, plaintiffs must show that they (1) suffered an injury in fact that is (2) fairly traceable to the alleged conduct of the defendant, and that is (3) likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992).  In their complaint, plaintiffs asserted claims against AIU Holdings, Inc. (formerly known as AIG), presently known as Chartis, Inc. and AIU Insurance Company.  The company that issued the subject policy, evaluated the subject claim, and paid for the repairs was AIU, not Chartis.  Chartis is a holding company and plaintiffs make no claim in their complaint that Chartis participated in the decisions, or in setting policies leading to the decisions, allegedly causing plaintiffs' injury.  In the absence of such an allegation, plaintiffs cannot fairly argue that their injuries are fairly traceable to any conduct of Chartis.  Similarly, because there is no dispute (claim) there is no reason to apply the "juridical link" exception that applies where there is "some type of legal relationship which relates all defendants in a way that would make single resolution of a dispute preferable to a multiplicity of similar actions."  *Leer v. Washington Educ. Ass'n.,* 172 F.R.D. 439,

447 (W.D. Wash. 1997).  As was true in *Shin v. Esurance Ins. Co.*, 2009 WL 688586 (W.D. Wash. 2009) this Court refuses to embrace the notion that all related companies may be haled into Court for the actions of one of those interrelated but distinct companies, merely because they may have agreed on common practices.

Defendants' motion to dismiss plaintiffs' claims against Chartis is **GRANTED**.  The motion for leave to take discovery and amend the complaint to allege additional facts and/or to join additional parties is **DENIED**.

## II.     Plaintiffs Lack Standing to Bring Mischaracterization Claims.

In their complaint, plaintiffs allege, on information and belief, that AIU sometimes mischaracterizes what is properly a UIM claim as a claim under its collision or comprehensive liability provisions.  Such a practice, if it occurred, would cause damage to an insured because claims under collision or comprehensive general liability provisions routinely have higher deductibles and accidents so classified impact the insured's experience rating making future premium calculations higher.  Plaintiffs acknowledge that their claim was not mischaracterized.  It was handled under the UIM provisions of their AIU policy.

Plaintiffs argue that the issue is a "typicality" inquiry, normally addressed at class certification, and that it is therefore not properly before the Court on a motion to dismiss.  They assert that class members whose UIM claims were mischaracterized were victims of the same wrongful claims estimating practices, giving rise to identical legal claims for which plaintiffs and class members seek the same legal remedies.  *See Hicks v. Morgan Stanley & Co.*, 2003 WL 21672085, at *5 (S.D. N.Y. July 16, 2003).  Even in a class action, "constitutional standing requirements [must be] satisfied before proceeding to the merits."  *Bates v. United Parcel Serv., Inc.,* 511 F.3d 974, 985 (9th Cir. 2007).

In fact, plaintiffs' mischaracterization claims do not arise from the same conduct as their diminished value claims, nor do they involve the same legal theories.  Plaintiffs are free to seek class

representative status for AIU insureds who were improperly denied diminished value damages, whether the claim was handled under collision, comprehensive general liability or UIM provisions of the AIU policy.  They do not, however, have standing to make a claim, as a class representative or otherwise, for damages arising from increased deductibles or adverse ratings caused by mischaracterization of the claims of others.  They suffered no such loss and lack standing to assert the claim.  A proposed class representative may not assert a litany of claims against a defendant merely because the plaintiff has standing for one such claim.  *Shin* 2009 WL 688586 at \*4.  Defendants' motion to dismiss plaintiffs' mischaracterization claims for lack of standing is **GRANTED**.  Plaintiffs' request for leave to amend to add additional plaintiffs is **DENIED**.

## III.   Defendants' Motion to Dismiss and/or Strike Plaintiffs' Declaratory Judgment Claims is Premature.

Defendants seek to dispatch plaintiffs' claim for Declaratory Relief by arguing that it is duplicative of their breach of contract claim for which they seek damages.  They point out that the declaratory relief plaintiffs seek merely requires a process by which their damages and those of class members are determined and paid.  Specifically, plaintiffs ask this Court to order AIU to reevaluate prior claims, assess diminished value loss and pay that amount to each insured.  This process mirrors the relief plaintiffs seek in their breach of contract claim: "reassessment of their claims for diminished value and equitable compensation or, alternatively, damages for receiving less than they had contracted for." Complaint, ¶7.7 [Dkt. #1].

While a plaintiff may plead claims in the alternative in certain situations, there is Ninth Circuit authority allowing the Court to dismiss a declaratory relief cause of action when it only seeks a declaration of defendants' liability for damages which are sought by other causes of action.  *See Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).  The relief sought by defendants, if granted, would not alter the course of this litigation in any material respect.  Discovery issues would not change and issues of

class certification would remain the same.  The Court sees neither benefit nor prejudice to any party regardless of its decision on this issue.  As a matter of simple case management the Court **DENIES** defendants' motion to dismiss the declaratory judgment claims **WITHOUT PREJUDICE** to reassert the motion at a subsequent time when the outcome of this issue matters.

**IV.     Defendants' Motion to Dismiss and/or Strike Plaintiffs' Claim for Injunctive Relief is Premature.**

Defendants seek to have claims for injunctive relief dismissed because remedies available at law are adequate to compensate for plaintiffs' alleged injury.  *See eBay, Inc. v. Merc Exchange, L.L.C.*, 547 U.S. 388, 391 (2006).  Defendants seek to have the class action claims for injunctive relief stricken under Fed. R. Civ. P. 12(f) also because plaintiffs predominantly seek damages in their complaint.  As with the attack on the Declaratory Relief claims, defendants' motion here has no current impact on the litigation whatsoever.  The ramp-up to the class certification motion will not be affected at all.  Not one extra hour of time will be spent by either party.  The Court may have discretion to dismiss or strike the claim at this early juncture but it would be unwise to do so.  The motions to dismiss and/or strike the individual and class claims for injunctive relief are **DENIED WITHOUT PREJUDICE.**

**V.      Plaintiffs Present a Viable Claim for Diminished Value Damages Under the AIU Policy.**

The core issue in this case is whether plaintiffs are entitled to diminished value damages under the facts and circumstances present here.  Given the repair option chosen by AIU, the pertinent provisions of the subject policy are as follows:

> Subject to the Underinsured Property Damage limit of liability stated on *your Declaration Page*, if you pay the premium for Underinsured Motorists Property Damage Coverage, *we* will pay for *property damage* caused by an *auto accident* which an *insured* is legally entitled to recover from the *owner* or operator of an *underinsured motor vehicle.*

> The Policy also provide that "C.  *Property damage* means injury to or destruction of the property of an *insured*."

Further, the Policy states that AIU Insurance's liability is limited as follows:

**C.** **Property Damage Limit of** Liability – Our Limit of Liability under this **Part C** for Property Damage to a covered auto from any one *accident* is the lowest of:

. . . .

3.    The amount needed to restore the covered ***auto*** to its pre-loss condition, reduced by the applicable deductible;

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  Review is limited to the content of the complaint [and properly incorporated documents], and all allegations of material fact must be taken as true, and construed in the light most favorable to the non-moving party.  *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).

In Washington, insurance policies are construed as contracts.  *Quadrant Corp. v. Am. States Ins. Co.,* 154 Wash.2d 165, 171 (2005).  A court must consider an insurance policy as a whole and give it a "fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance."  *Id*.  If the language of an insurance policy is clear and unambiguous, the Court must enforce the policy as written; a Court may not modify it or create ambiguity where none exists.  *Id*.

UIM coverage policies are evaluated to ensure that statutorily mandated coverage is "neither whittled away nor eroded."  *Greengo v. Pub. Employees Mut. Ins. Co.,* 135 Wash. 2d 799, 806 (1998).  The UIM statute will not, however, be interpreted in a manner that would unduly impair the parties' rights to contract freely.  *Daley v. Allstate Ins. Co.,* 135 Wash. 2d 777 (1998).

The UIM statute requires that issuers of automobile insurance policies offer UIM coverage

> For the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of underinsured motor vehicles, hit-and-run motor vehicles, and phantom vehicles because of bodily injury, death, or property damage resulting therefrom. . . .

RCW 48.22.030(2).  The statute further provides:

> Property damage coverage required under [RCW 48.22.020(2)] shall mean underlined physical damage to the insured motor vehicle unless the policy specifically provides coverage for the contents thereof or other forms of property damage.

RCW 48.22.030(3).

While the source of the obligation to offer UIM is statutory, the scope of the coverage is contractual, subject only to the minimum coverage requirements set forth in the UIM statute.  The UIM statute establishes a floor, but not a ceiling for UIM coverage.  *See Mansker v. Farmers Ins. Co. of Wa.*, W.D. WA. Cause No. C10-511JLR.

With that contractual and statutory background, plaintiffs complain that AIU did not pay them (and presumably thousands of other insureds) for diminished value suffered as the result of an accident with an underinsured motorist.  In their complaint, plaintiffs do not define what they mean by diminished value.  The term has meant different things to different people over the years.  In some cases, it is referred to as Inherent Diminished Value.  In those cases, and others, the concept of diminished value is broad enough to include stigma damage which refers to the taint that may reduce a vehicle's value due to the perception that because of an accident it may have residual problems despite being fully repaired.  *See Allgood v. Meridian Security Ins. Co.*, 836 N.E.2d 243, 248 (Ind. 2005); *Hovenkotter v. Safeco Ins. Co.*, 2010 WL 3984828 *1, 7 (W.D. Wash. 2010).

In Washington, stigma damages are not considered diminished value.  Rather, diminished value loss arises when a vehicle sustains physical damage in an accident, but due to the nature of the damage, it

cannot be fully restored to its pre-loss condition.  The remaining physical damage, such as weakened

metal which cannot be repaired results in diminished value.  *See Moeller v. Farmers Ins. Co. of Wa.*, 155

Wash. App. 133 (Div. 2, 2010).

The UIM statute requires insurers to offer UIM coverage for insureds who are otherwise entitled

to damages because of property damage resulting from an accident caused by an underinsured motorist.

To trigger entitlement to coverage, physical damage to the vehicle must occur.  Although the parties may

contract for greater benefits, the UIM statute requires that coverage at a minimum, be provided for the

physical damage sustained by the vehicle.  RCW 48.22.030(3).

The contract between the parties gave AIU the option to limit its liability to "the amount needed to

restore the covered auto to its pre-loss condition."  Defendants argue that if some forms of physical

damage remain after all repairable damage has been fixed, then by the terms of the policy, coverage is not

extended.  The argument is not consistent with the fair, reasonable, and sensible construction the average

purchaser of insurance would give to the policy.  Neither does it meet the minimal requirements of the

UIM statute.

Given the definition of diminished value adopted by the *Moeller* court, post-repair residual

physical damage to an accident vehicle represents diminished value.  Because it is actual physical

damage, the UIM statute requires that it be covered.  The plain meaning of the applicable AIU policy

provisions properly provides coverage for such damage.  The restoration of a covered auto to its pre-loss

condition requires that an insured be compensated for all physical damage incurred, to include, for

example, unrepaired dents, bends or stress to the vehicle's structure, and damage to the function or

appearance of the vehicle.  *See Scammell v. Farmers Insurance Exchange*, No. 01-2-13321-2 (Pierce

County Superior Court).  While this list is not exhaustive, the definition of diminished value in

Washington does not include stigma damage: metaphysical loss attributable to the fear that unproven

damage remains following a repair of the vehicle.  Coverage for such damage is not required by the UIM

statute and is not provided for by the AIU policy.  In short, residual physical damage is covered under the AIU policy.  Stigma damage is not.

At trial, plaintiffs will be required to demonstrate that their vehicle was physically damaged even after the repair authorized by AIU.  The need for expert testimony makes the Court skeptical that this is a case where class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  Fed. R. Civ. P. 23(b)(3).  Defendants argue (and the Court tends to agree) that the kind of showing required under Washington law to establish diminished value makes group generalizations about the fact of injury or the amount of damage inappropriate.  They also urge the Court to focus on the differences between UIM statutes from state to state and the different definitions given the term "diminished value" from one state to another and to reject class certification here and now.  The Court will, however, decline defendants' suggestion that Class Certification be denied at this early stage of the litigation.  Plaintiffs will have the opportunity to conduct discovery and to propose certification of some class that could potentially be tried collectively notwithstanding differences in state laws and the obvious problems of proof identified by the Court.  Plaintiffs have sufficiently alleged facts that support a plausible legal theory.  Defendants' motion to dismiss for failure to state a claim is **DENIED**.  Defendants' motion to strike plaintiffs' class allegations because individualized issues necessarily predominate is likewise **DENIED**.  The Court will deal with that issue if and when a motion for certification of the class is presented to the Court.

## CONCLUSION

The defendants' Motion to Dismiss Claims Against Chartis [Dkt. #28] is **GRANTED**.  The motion to dismiss mischaracterization claims [Dkt. #28] is **GRANTED**.  The Motions to Dismiss Claims for Declaratory Relief and for Injunctive Relief [Dkt. #28] are **DENIED WITHOUT PREJUDICE**.  The

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Motion to Strike Class Allegations for Injunctive Relief [Dkt. #29] is **DENIED WITHOUT PREJUDICE.**  The Motion to Dismiss Complaint for Failure to State a Claim [Dkt. #28] is **DENIED**. The Motion to Strike Class Allegations Pursuant to F.R.Civ. P. 23(b)(3) and 12(f) is **DENIED.**

Dated this 26th day of November, 2010.


RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE